UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO GARRIDO,

                    Petitioner,

                                        CASE NO. 2:06-CV-13120
v.                                      HONORABLE PATRICK J. DUGGAN

RAYMOND BOOKER,

                    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING HABEAS PETITION

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on March 5, 2007.

PRESENT:   HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Alberto Garrido ("Petitioner"), a state prisoner currently confined at the

Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of

his constitutional rights.  Respondent Raymond Booker ("Respondent") has filed a

motion for summary judgment seeking dismissal of the petition for failure to comply with

the one-year statute of limitations set forth in the Antiterrorism and Effective Death

Penalty Act of 1996.  For the reasons set forth below, the Court grants Respondent's

motion and dismisses the habeas petition.

1

## I.      Procedural History

In 1985, Petitioner was convicted of first-degree criminal sexual conduct and possession of a firearm during the commission of a felony following a bench trial in the Circuit Court for the County of Kent, State of Michigan.  The state court sentenced Petitioner to 17 to 40 years imprisonment on his first-degree criminal sexual conduct conviction and a consecutive term of two years imprisonment on his firearm conviction.

Following sentencing, Petitioner filed an appeal as of right in the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Garrido*, No. 86119 (Mich. Ct. App. Jan. 14, 1987).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Garrido*, No. 80136 (Mich. March 31, 1987).

Beginning November 6, 2001, and continuing through early 2005, Petitioner filed several motions in the state trial court, including a motion for relief from judgment.  *See* Doc. No. 9 (Kent Co. Cir. Ct. Docket Sheet, Case No. 35865 84 FC).  The trial court denied Petitioner's motion for relief from judgment on March 25, 2005.  *Id.*  Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Garrido*, No. 263096 (Mich. Ct. App. Jan. 6, 2006). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Garrido*, 475 Mich. 869, 714 N.W.2d 312 (2006).

Petitioner signed the instant petition for a writ of habeas corpus on June 29, 2006, and the petition was filed in this Court on July 10, 2006.  On January 11, 2007,

2

Respondent filed the present motion for summary judgment, seeking dismissal of the

petition for failure to comply with the one-year statute of limitations established by 28

U.S.C. § 2244(d)(1).  Petitioner has not responded to the motion.

## II.     Applicable Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified

at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs

this case because Petitioner filed his pleadings after the AEDPA's effective date.  *See*

*Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).  The AEDPA

establishes a one-year period of limitations for habeas petitions brought by prisoners

challenging state court judgments.  Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Prisoners, such as Petitioner, whose convictions became final prior to the AEDPA's effective date are given a one-year grace period from the effective date in which to file their federal habeas petitions. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment in the state trial court until November 6, 2001. The AEDPA's one-year limitations period had expired well before that date. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). As a result, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction

4

proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The instant petition is therefore untimely and subject to dismissal.

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights warranting habeas relief. Petitioner's habeas action is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

In this case, Petitioner sets forth no circumstances causing him to file his state court collateral proceedings or his federal habeas proceedings after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d

5

1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling*

*v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that

ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

      The Sixth Circuit has held that a credible claim of actual innocence may equitably

toll the AEDPA's one-year statute of limitations.  *See Souter v. Jones*, 395 F.3d 577, 588-

90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As the court explained in

*Souter*, "[t]o establish actual innocence, 'a petitioner must show that it is more likely than

not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt.'" 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851,

867-68 (1995)).  A valid claim of actual innocence requires a petitioner "to support his

allegations of constitutional error with new reliable evidence--whether it be exculpatory

scientific evidence, trustworthy eyewitness account, or critical physical evidence--that

was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865.  Furthermore,

"'[a]ctual innocence means factual innocence, not mere legal insufficiency.'" *Souter*, 395

F.3d 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611

(1991)).  Petitioner has made no such showing and thus he is not entitled to equitable

tolling of the one-year period.

## III.   Conclusion

      Based on the foregoing, the Court concludes that Petitioner failed to file his habeas

petition within the one-year period established in 28 U.S.C. § 2244(d) and that the statute

of limitations precludes federal review of the petition.  Accordingly,

6

**IT IS ORDERED**, that Respondent's motion for summary judgment is

**GRANTED** and Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Alberto Garrido, #179269
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48232

Raina Korbakis, Esq.